IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

NIKKI JO MILLER                                                                              PLAINTIFF

v.                                        CIVIL NO. 09-5232

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                       DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Nikki Jo Miller, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for supplemental security income (SSI) benefits under the provisions of Titles XVI of the Social Security Act. (Doc. 1). The Defendant filed an answer to Plaintiff's action on January 7, 2010, asserting that the findings of the Commissioner were supported by substantial evidence and were conclusive. (Doc. 4). Plaintiff filed an appeal brief on January 27, 2010. (Doc. 5).

On March 26, 2010, the Commissioner, having changed positions, filed an unopposed motion requesting that Plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. (Doc. 8). The Defendant states that upon remand the ALJ will further evaluate the additional medical reports dated February 2009 and March 2009, and will obtain medical expert testimony.

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests

a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The Fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); Shalala v. Schaefer, 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Here, we find remand for the purpose of the ALJ to further evaluate the evidence as addressed above appropriate.

Based on the foregoing, we find remand appropriate and grant the Commissioner's motion to remand this case to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

DATED this 31st day of March 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**